IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| KARIM SANOGOH, | : | Case No. 1:25-cv-787 |
| Petitioner, | : | Judge Matthew W. McFarland |
| v. | : | |
| KEVIN RAYCRAFT, | : | |
| Respondent. | : | |

## ORDER AND OPINION

This matter is before the Court on Petitioner Karim Sanogoh's Petition for Writ of Habeas Corpus (Doc. 1). Respondent Kevin Raycraft filed a Return of Writ (Doc. 9), to which Petitioner filed a Reply (Doc. 10). This matter is therefore ripe for the Court's review. For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Petitioner Karim Sanogoh is a Fulani man, born in Mauritania, who entered the United States on May 15, 2002. (Petition, Doc. 1, ¶¶ 15-16.) Since his departure from Mauritania, Petitioner has been unable to obtain travel documents, and he considers himself stateless. (*Id.* at ¶ 16.) Upon his arrival in the United States, Petitioner applied for asylum and withholding of removal. (*Id.* at ¶ 15.) On December 9, 2008, an immigration judge denied Petitioner's asylum application and ordered his removal to Mauritania. (*Id.* at ¶¶ 17-18.) Petitioner appealed the immigration judge's decision, but his appeal was

dismissed on September 7, 2010. (*Id.* at ¶ 18.) U.S. Immigration and Customs Enforcement ("ICE") issued Petitioner an order of supervision on September 27, 2010. (*Id.* at ¶ 19.) On August 5, 2025, ICE arrested Petitioner during a check-in appointment. (Petition, Doc. 1, ¶ 21.) Since his arrest, Petitioner has been detained in the custody of ICE, and he is currently being held at the Butler County Correctional Complex in Hamilton, Ohio. (*Id.* at ¶¶ 1, 5, 11, 20–21; Reply, Doc. 48, Pg. ID 11, n.1.)

On October 29, 2025, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1). Petitioner claims that his ongoing detention violates both his substantive and procedural due process rights under the Fifth Amendment. (Petition, Doc. 1, ¶¶ 32–43.) Petitioner further alleges that he is being unlawfully detained beyond the 90-day removal period under 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable and there is no additional justification for his detention. (*Id.* at ¶ 44.) Finally, Petitioner requests fees and costs under the Equal Access to Justice Act in the event that he prevails. (*Id.* at ¶¶ 23, 45.) Respondent Kevin Raycraft filed a Return of Writ (Doc. 9) on December 22, 2025, to which Petitioner filed a Reply (Doc. 10) on January 6, 2026.

## LAW & ANALYSIS

### I. Subject Matter Jurisdiction

The fundamental question of subject matter jurisdiction must precede any analysis of the merits on this matter. As federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," they "have an independent obligation to determine whether subject-matter jurisdiction exists." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*,

2

546 U.S. 500, 514 (2006).

Petitioner asserts that this Court possesses jurisdiction to hear this matter because it involves habeas review (28 U.S.C. § 2241), federal question jurisdiction (28 U.S.C. § 1331), and the Suspension Clause (U.S. Const. art. I, § 9, cl. 2). (Petition, Doc. 1, ¶¶ 7–9.) Respondent, in turn, contends that several statutory provisions divest this Court of jurisdiction over Petitioner's claims. (*See* Return of Writ, Doc. 9, Pg. ID 33–37.)

To begin, in enacting 8 U.S.C. § 1252(g) through the REAL ID Act, Congress limited the jurisdiction of federal courts as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "In the REAL ID Act, Congress decided that, as a matter of public policy, [federal courts] do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order." *Rranxburgaj v. Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020). This holds true "whether or not [federal courts] agree with ICE's decision to execute [a petitioner's] removal order." *Id.* Similarly, given § 1252(g)'s language as to commencing proceedings and adjudicating cases, this jurisdictional bar also extends to situations in which a petitioner is notified that he or she must "voluntarily depart or face deportation." *Ene v. Phillips*, 99 F. App'x 642, 643 (6th Cir. 2004).

The plain language of 8 U.S.C. § 1252(g) therefore limits jurisdiction as it relates to claims arising from the commencement of removal proceedings, adjudication of such

3

cases, or the execution of removal orders—even when jurisdiction would otherwise be proper under federal question jurisdiction, mandamus jurisdiction, or "any other provision of law." *See Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010); *see also Karki, et al. v. Jones, et al.*, No. 25-CV-281, 2025 WL 1638070, at *7 (S.D. Ohio June 9, 2025). By its terms, this statutory limitation also applies to habeas relief under 28 U.S.C. § 2241, which would typically provide jurisdiction over cases where an alien is held in custody in violation of the Constitution or the laws of the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). That said, certain applications of § 1252(g) may potentially cause tension with the Suspension Clause. As the Framers enshrined in the Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. In order to successfully contest the constitutionality of this statute on Suspension Clause grounds, two things must be true: (1) the petitioner must be seeking "core" habeas relief; and (2) there is no adequate substitute to effectively test petitioner's detention. *Hamama v. Adducci*, 912 F.3d 869, 875–76 (6th Cir. 2018).

Petitioner, however, contends that 8 U.S.C. § 1252(g) does not strip this Court of jurisdiction, as he is not challenging his removal order or the Attorney General's decision to execute it. (Petition, Doc. 1, ¶ 10.) Instead, "Petitioner challenges his continued detention when removal is not reasonably foreseeable." (*Id.*) Thus, the Court finds that Petitioner's claims sound in core habeas relief and do not fall within the scope of § 1252(g). In *Hamama*, the Sixth Circuit confirmed that the "district court's jurisdiction over the detention-based claims [was] independent of its jurisdiction over the removal-based

4

claims." *Hamama*, 912 F.3d at 877; *see also Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004); *Zadvydas*, 533 U.S. at 687–88. Indeed, "[f]or over 100 years, habeas corpus has been recognized as the vehicle through which noncitizens may challenge the fact of their detention." *Malam v. Adducci*, 452 F. Supp. 3d 643, 649 (E.D. Mich. 2020) (citing *Chin Yow v. United States*, 208 U.S. 8, 13 (1908)). Here, Petitioner argues that his detention past the 90-day removal period under 8 U.S.C. § 1231(a)(3) is unlawful; in other words, he challenges the fact of his detention, independent from his removal. Accordingly, § 1252(g) does not inhibit this Court from reviewing such detention-based claims. *See, e.g., Zhen v. Doe*, No. 3:25-CV-1507, 2025 WL 2258586, at *2–4 (N.D. Ohio Aug. 7, 2025); *Resendiz v. Noem*, No. 4:25-CV-159, 2025 WL 3527284, at *2 (W.D. Ky. Dec. 9, 2025).

Respondent's invocation of 8 U.S.C. § 1252(a)(5) and (b)(9) is also unavailing as applied to Petitioner's claims. Under these provisions, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States" is exclusively funneled to the Courts of Appeals. 8 U.S.C. § 1252(b)(9), (a)(5). Here, since Petitioner contests his detention, and not his removal, § 1252(b)(9) is no bar to this Court's jurisdiction. *See Moussa*, 389 F.3d at 554 (citing *Zadvydas*, 533 U.S. 678 ); *Ramirez v. Lewis, et al.*, No. 4:25-CV-143, 2025 WL 3553676, at *2 (W.D. Ky. Dec. 11, 2025) (citing *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020)); *Guerra v. Noem*, No. 1:25-CV-1341, 2025 WL 3204289, at *4 (W.D. Mich. Nov. 17, 2025); *Alonso v. Tindall*, No. 3:25-CV-652, 2025 WL 3083920, at *2 n.5 (W.D. Ky. Nov. 4, 2025).

Thus, for all these reasons, Respondent's jurisdictional arguments concerning Petitioner's detention-based claims do not persuade. *See Bartolon v. Bondi*, No. 1:25-CV-747, ___ F. Supp. 3d ___, 2025 WL 3674604, at *5-6 (S.D. Ohio Dec. 18, 2025) (similarly walking through why §§ 1252(g) and 1252(b)(9) do not divest jurisdiction as to detention-based claims); *Coronado v. Sec'y, Dep't of Homeland Sec., et al.*, No. 1:25-CV-831, ___ F. Supp. 3d ___, 2025 WL 3628229, at *3-6 (S.D. Ohio Dec. 15, 2025) (finding the same). Accordingly, Petitioner's claims shall proceed, and the Court will now address the substance of these claims.

## II. Merits of Petitioner's Claims

28 U.S.C. § 2243 requires a court to issue a writ or order the respondent to show cause as to why a writ should not issue "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. The statute also "requires an initial screening of a petition" in which "a court accepts as true the allegations in the petition and construes them in favor of the petitioner." *Espinoza v. Dir. of Detroit Field Off., U.S. Immigr. & Customs Enf't*, No. 4:25-CV-2107, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025) (citing *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011)). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," then the court must dismiss the petition. Rule 4, Rules Governing Section 2254 Cases (applicable to petitions arising under § 2241). With this in mind, the Court turns to the substance of Petitioner's claims.

a. Applicability of 8 U.S.C. § 1231(a)(6)

Petitioner first contends that because he is neither a danger to the community nor a flight risk, Respondent had no basis on which to revoke his order of supervision, arrest him, and detain him beyond the 90-day removal period under 8 U.S.C. § 1231(a)(6). (Petition, Doc. 1, ¶¶ 25, 33; Reply, Doc. 10, Pg. ID 54–55.) But, Petitioner wrongly asserts that § 1231(a)(6) applies only to aliens who present a flight risk or who engage in criminal or terrorist activity. (*See* Reply, Doc. 10, Pg. ID 54–55.) Instead, § 1231(a)(6) states:

> An alien ordered removed *who is inadmissible under section 1182 of this title*, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

(emphasis added). As Respondent notes, Petitioner does not contest that he is inadmissible under 8 U.S.C. § 1182. (Return of Writ, Doc. 9, Pg. ID 37.) In any event, § 1182 provides that "[a]n alien present in the United States without being admitted or paroled . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i). And, the record lacks any indication that Petitioner was admitted or paroled into the United States. On the contrary, Petitioner's final removal order, which he does not challenge and the Court has no jurisdiction to review, implies that he is inadmissible under § 1182. (*See* Petition, Doc. 1, ¶¶ 14, 18, 21; *see also Zhen*, 2025 WL 2258586, at *11 (finding the petitioner "inadmissible" under § 1182(a)(6)(A)(i) and thus subject to § 1231(a)(6) where she was previously released from initial detention, and rejecting the petitioner's argument that a "concession of deportability is not an admission of inadmissibility"); *Leal-Rodriguez v. I.N.S.*, 990 F.2d

939, 942 (7th Cir. 1993) (noting that "[t]he grounds for exclusion largely overlap with those for deportation")). Thus, the Court finds that § 1231(a)(6) applies to Petitioner.

### b. Reasonable Foreseeability of Petitioner's Removal

Petitioner next argues that because his removal from the United States is not reasonably foreseeable, his continued detention beyond the 90-day removal period under § 1231(a)(6) is unlawful. (Petition, Doc. 1, ¶ 44.) Rather than authorizing "indefinite detention," § 1231(a)(6) has been read to "limit[] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal." *Zadvydas*, 533 U.S. at 689. The Supreme Court anticipated that determining a "reasonably necessary" period in any particular case, while still affording the executive branch the appropriate "leeway" in this field, "will often call for difficult judgments." *Id.* at 699–701. So, the Supreme Court handed down a general rule: a 6-month period of detention is presumptively reasonable. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

"This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. And, "[i]n other analogous cases where the only impediment to removal is the issuance of the appropriate travel documentation, courts have uniformly held that mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States

8

authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Ali v. Lynch*, No. 1:16-CV-1182, 2017 WL 1535116, at *3 (S.D. Ohio Apr. 27, 2017) (collecting cases) (cleaned up), *report and recommendation adopted*, No. 1:16-CV-1182, 2017 WL 2191047 (S.D. Ohio May 17, 2017).

Turning to the record here, an ICE deportation officer averred that ICE "requested a travel document for the [P]etitioner from the government of Mauritania." (Parker Decl., Doc. 9-1, ¶ 15.) Additionally, the deportation officer indicated that "ICE has successfully removed individuals to Mauritania," that "there is no reason to believe that ICE will be unable to continue doing so," and that she is unaware of any institutional barriers that would prevent ICE from removing Petitioner to Mauritania in the reasonably foreseeable future. (*Id.* at ¶¶ 17–19.) While Petitioner argues that Mauritania will not issue travel documents or admit him into its borders, he offers nothing in support of these assertions beyond ICE statistics from 2024 which verify that the United States has successfully removed aliens to Mauritania. (Petition, Doc. 1, ¶¶ 21, 23; Reply, Doc. 10, Pg. ID 11–12.)

Petitioner has been in ICE custody since August 5, 2025—just under six months ago—meaning that Petitioner's detention is still presumed to be reasonable under *Zadvydas*. (Petition, Doc. 1, ¶ 20.) In any event, the Court finds that Respondent's efforts to obtain the relevant travel documentation cut against Petitioner's arguments. *See Ali*, 2017 WL 1535116, at *3; *Zhen*, 2025 WL 2258586, at *11 (collecting cases that found "requests for travel documents [to] support a finding of reasonably foreseeable removal"). Given the timeframe and Respondent's well-supported indication that

9

Petitioner will be removed in the reasonably foreseeable future, Petitioner fails to establish that his detention under § 1231(a)(6) is unlawful.

### c. Procedural Due Process

Finally, Petitioner contends that Respondent's revocation of Petitioner's order of supervision without notice and an opportunity to respond violated his procedural due process rights under the Fifth Amendment. (Petition, Doc. 1, ¶¶ 36–43.) Petitioner specifically argues that Department of Homeland Security regulations mandate notification of revocation, an initial informal interview, and an opportunity to respond to the department's reasons for revocation. (Reply, Doc. 10, Pg. ID 60 (citing 8 C.F.R. § 241.4(l)(1)).) In determining whether the regulatory process outlined in § 241.4(l)(1) applies where the Department revoked an alien's order of supervision to effectuate his removal, courts have taken diverging approaches. *Compare Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *6 (S.D. Fla. Aug. 8, 2025) (finding that § 241.4(l)(1) does not entitle an alien to notice and interview where the Department revoked an order of supervision to effectuate his removal), *with K.E.O. v. Woosley*, No. 4:25-CV-74, 2025 WL 2553394, at *5–6 (W.D. Ky. Sept. 4, 2025) (finding the opposite). But, even if § 241.4(l)(1) applies to Petitioner, he still must show that any deprivation of procedural due process by Respondent was prejudicial—in other words, Petitioner must show that, absent the deprivation, the outcome would have been different. *See Graham v. Mukasey*, 519 F.3d 546, 549–50 (6th Cir. 2008) ("[T]o establish the requisite prejudice, [the alien] must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations."); *Karki v. Raycraft*, No. 2:25-CV-13186,

10

2025 WL 3516782, at *6 (E.D. Mich. Dec. 8, 2025) ("[A]ssuming . . . that ICE failed to provide [the petitioner] with the correct process, habeas petitioners . . . still need to show that any error was prejudicial.").

Petitioner asserts that he did not receive proper notice of his revocation and the opportunity for an informal interview. (Petition, Doc. 1, Pg. ID ¶¶ 40–42; Reply, Doc. 10, Pg. ID 61 (citing § 241.4(l)(1)).) However, through the instant habeas review, Petitioner challenges the revocation of his order of supervision by Respondent. With the representation of counsel, he asserts before a federal court that his detention is unlawful, and he offers both argument and evidence in support. Respondent has explained, through briefing and a declaration from an ICE deportation officer, the basis for both the revocation of his order of supervision and his continued detention. And, Petitioner exercised his ability to reply to Respondent's arguments. As a result, habeas review has afforded Petitioner both notice of the basis of Respondent's actions and an opportunity to respond.

Thus, any deprivation of Petitioner's procedural rights under the regulation by Respondent is harmless and does not warrant his release from detention. *See, e.g., Karki*, 2025 WL 3516782, at *6–7 (finding that "any deprivation of process by the Government's failure to follow its regulatory procedures is harmless" after noting, among other things, the fact that the petitioner had filed habeas petitions); *Hammouda v. Dep't of Homeland Sec.*, No. 4:25-CV-2696, 2026 WL 91465, at *6 (N.D. Ohio Jan. 13, 2026) (denying habeas relief when removal was reasonably foreseeable, "notwithstanding the procedural violations"); *Ladak v. Noem*, No. 1:25-CV-194, 2025 WL 3764016, at *16 (N.D. Tex. Dec. 30, 2025)

11

("Because habeas is not backward-looking, the process provided now renders forward-looking relief separately inappropriate.").

## CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief at this time. Accordingly, the Court **ORDERS** the following:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND